KEVIN M. MOYLAN,

        Plaintiff,

-vs-                                Case No.  2:11-cv-603-FtM-99DNF

THREE WORKING WOMEN, LLC, a
Florida limited liability company doing
business as Granny Nannies, GRANNY
NANNIES OF NORTH AMERICA, LLC a
Florida limited  liability company,

        Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the parties' Joint Motion for Settlement Approval and

Dismissal With Prejudice (Doc. 19) filed on December 21, 2011.  The Plaintiff, Kevin Moylan  and

the Defendants, Three Working Women, LLC and Granny Nannies of North America LLC are

requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA")

claim. To approve the settlement, the Court must determine whether the settlement is a "fair and

reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards

Act ("FLSA").  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and

29 U.S.C. §216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*.

at 1352-3.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the

payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. §216(b)

when an action is brought by employees against their employer to recover back wages. *Id*. When the

employees file suit, the proposed settlement must be presented to the district court for the district court

review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by

employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be
> represented by an attorney who can protect their rights under the statute. Thus, when
> the parties submit a settlement to the court for approval, the settlement is more likely
> to reflect a reasonable compromise of disputed issues than a mere waiver of statutory
> rights brought about by an employer's overreaching. If a settlement in an employee
> FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage
> or computation of back wages, that are actually in dispute; we allow the district court
> to approve the settlement in order to promote the policy of encouraging settlement of
> litigation.

*Id*. at 1354.

The Plaintiff allegedly was employed by the Defendants. The Plaintiff was represented by

counsel throughout this litigation. There are disputed issues of fact and law. The parties agreed to

settle this case for $21,000.00. The Plaintiff will receive $13,000.00. (See, Doc. 19-1, Settlement

Agreement and Full and Final Release of All Claims, p. 4). The parties agreed to an award of

attorney's fees and costs in the amount of $8,000.00. The parties stated that "this Settlement

Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it

with an attorney." (Doc. 19-1, p. 4). The Court finds that the settlement is a fair and reasonable

resolution of this dispute.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Settlement Approval and Dismissal With Prejudice (Doc. 19) be

granted and the Settlement Agreement and Full and Final Release of All Claims, (Doc. 19-1) be

approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, then the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ____23rd____ day of December, 2011.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record